# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES PORTER, | Case No. 1:25-cv-00311-JLT-BAM (PC) |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER |
| v. | |
| YANG, *et al.*, | |
| Defendants. | (ECF No. 12) |
| | ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

On November 3, 2025, the Court screened Plaintiff's complaint and found that it stated cognizable claims against Defendant Jane Doe Sergeant for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment and a claim against California Department of Corrections and Rehabilitation ("CDCR") for violation of the Americans with Disabilities Act, but failed to state any other cognizable claims for relief against

1

any other defendant.  (ECF No. 10.)  Plaintiff was directed to file a first amended complaint curing the deficiencies identified in the Court's screening order or to notify the Court of his willingness to proceed only on his claims against Defendants Jane Doe Sergeant and CDCR, within thirty days.  (*Id.*)  Following Plaintiff's failure to respond to the November 3, 2025 screening order, on December 15, 2025, the Court issued findings and recommendations to dismiss this action, without prejudice, for failure to prosecute and failure to obey a court order. (ECF No. 12.)  Plaintiff was directed to file any objections to the findings and recommendations within fourteen (14) days.  (*Id.*)

On January 5, 2026, the Court granted Plaintiff's request for an extension of time to file his objections to the findings and recommendations.  (ECF No. 15.)  Plaintiff was directed to file any objections within thirty (30) days.  (*Id.*)

On January 12, 2026, Plaintiff filed his objections to the findings and recommendations. (ECF No. 16.)  In his objections, Plaintiff states that he is currently incarcerated and does not have access to the internet.  He is 68-years old, has been incarcerated for the last 44 years, and has not had access to digital technology over 90% of those years.  Plaintiff claims that he never received the digitally prepared order that he should amend his position.  (*Id.* at 1-2.)  Plaintiff requests that the Court reverse dismissal of his civil action and allow him "to have the full (30) days granted on this Court's (undelivered) decision to Plaintiff, thus Plaintiff can cure the deficiencies identified in the (undelivered) Court's screening order."  (*Id.* at 2.)

Having considered Plaintiff's objections, the Court finds it appropriate to vacate the pending findings and recommendations and to grant Plaintiff an extension of time to file a first amended complaint curing the deficiencies identified in the Court's November 3, 2025 screening order or to notify the Court of his willingness to proceed only on his claims against Defendants Jane Doe Sergeant and CDCR.  Under the circumstances, the Court finds that an extension of thirty days is appropriate.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Any amended complaint is limited to **20 pages in length**, excluding exhibits.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on December 15, 2025, (ECF No. 12), are VACATED;

2. The Clerk's Office shall send Plaintiff:

    a. A complaint form;

    b. A copy of the Court's November 3, 2025 screening order, (ECF No. 10);

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint, curing the deficiencies identified by the Court in the November 3, 2025 screening order; or

    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on his claims against Defendant Jane Doe Sergeant for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment and a claim against California Department Corrections and Rehabilitation for violation of the Americans with Disabilities Act; and

    c. Any amended complaint is limited to **20 pages in length**, excluding exhibits.

///

**If Plaintiff fails to comply with this order, then the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated: __**January 14, 2026**__        ___/s/ *Barbara A. McAuliffe*___
                                              UNITED STATES MAGISTRATE JUDGE