# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES PORTER, | Case No.  1:25-cv-00311-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 20) |
| YANG, *et al.*, | |
| Defendants. | |

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

On November 3, 2025, the Court screened the complaint and found that Plaintiff stated a cognizable claim against Defendant Sergeant Jane Doe for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment and against the California Department of Corrections and Rehabilitation ("CDCR") for violation of the Americans with Disabilities Act, but he failed to state any other cognizable claims for relief against any other defendant. (ECF No. 10.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) On January 29, 2026, Plaintiff notified the Court that he does not wish to amend his complaint and is willing to proceed only on his cognizable claims. (ECF No. 18.)  Accordingly, on February 4, 2026, the Court issued findings and recommendations that recommended this action proceed on Plaintiff's cognizable claims against Defendants Jane Doe Sergeant and CDCR,

and that all other claims and defendants be dismissed.[1]  (ECF No. 19.)  The findings and recommendations are pending.

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on March 2, 2026.  (ECF No.20.)  Plaintiff seeks appointment of counsel pursuant to 18 U.S.C. § "3006(A)" and asserts that such appointment would benefit this Court to better understand the record in this case.  (*Id.*)  Plaintiff cites this Court's findings and recommendations, which summarize certain of the allegations in his complaint, namely that on January 21, 2024, Plaintiff was afforded certain disability accommodations, and that he is prescribed various medications for his conditions. (*Id.*)

Plaintiff is advised that 18 U.S.C. § 3006A is not applicable here, as it applies only to federal criminal proceedings.  This is a federal civil case.  Additionally, Plaintiff is reminded that the filing fee has been paid, and Plaintiff is not proceeding *in forma pauperis* in this action.  The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.  Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.  The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 20), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **March 4, 2026**            /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's February 4, 2026 findings and recommendations incorrectly noted that Plaintiff was proceeding *in forma pauperis* in this action.  (ECF No. 19 at 1.)

2