# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES PORTER,<br><br>          Plaintiff,<br><br>   v.<br><br>YANG, *et al.*,<br><br>          Defendants. | Case No.  1:25-cv-00311-JLT-BAM (PC)<br><br>ORDER VACATING ORDER TO SHOW CAUSE WHY DEFENDANT JANE DOE SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF Nos. 31, 34) |

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendant Jane Doe Sergeant for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment and against Defendant California Department of Corrections and Rehabilitation ("CDCR") for violation of the Americans with Disabilities Act.

On March 4, 2026, the Court issued an order directing service on Defendant CDCR under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 24.)  The order indicated that the Court did not find service appropriate for Defendant Jane Doe Sergeant.  (*Id.*)  By separate order, the Court informed Plaintiff that before it ordered the U.S. Marshal to serve Defendant Jane Doe Sergeant, Plaintiff would be required to identify

1

her with enough information to locate her for service of process.  (ECF No. 23.)

On March 16, 2026, Plaintiff filed a motion requesting that the Court serve Defendant Jane Doe Sergeant.  (ECF No. 27.)   In the motion, Plaintiff provided additional information to locate the defendant for service of process, including place of employment, assignment and watch, relevant dates, and position.  (*Id.*)

On March 23, 2026, the Court granted Plaintiff's motion and issued an order directing service on Defendant Jane Doe Sergeant under the Court's E-Service pilot program for civil rights cases.  (ECF No. 28.)  The order included the following information regarding Defendant Jane Doe Sergeant:  "(Unknown/Jane Doe) Sergeant, A.D.A.; Substance Abuse Treatment Facility; assigned to Restricted Housing Unit (R.H.U.), second watch; on or about August 17, 2024 until September 3, 2024."  (*Id.* at 2.)  On March 25, 2026, the Court received information that Defendant Jane Doe Sergeant could not be identified.

On March 31, 2026, the Court issued an order directing Plaintiff to show cause, within 30 days, why Defendant Jane Doe Sergeant should not be dismissed from the action.  (ECF No. 31.) The Court informed Plaintiff that he could respond by providing additional information that would assist in locating Defendant Jane Doe Sergeant for service of process.  (*Id.*)

On April 15, 2026, Plaintiff filed a response to the Court's show cause order.  (ECF No. 33.)   In his response, Plaintiff suggested that the issue creating the "log jam" in this case was that "Jane Doe" could be construed "to mean a real-person's-name-named Jane-Doe."  (*Id.* at 2.) Plaintiff also requested that the Court review the video footage for September 3, 2024, that would depict which Sergeant was working.  (*Id.* at 3.)  Plaintiff included a CDCR 1118 Body-Worn Camera Video Evidence Request form.  (*Id.* at Ex. 3.)

On April 21, 2026, the Court determined Plaintiff's response to the Court's show cause order did not include sufficient information to identify Defendant Jane Doe Sergeant for service of process.  (ECF No. 34.)  The Court declined Plaintiff's request that the Court review video footage for the purpose of identifying Defendant Jane Doe, noting it is Plaintiff's responsibility to identify Defendant Jane Doe with enough information to locate the defendant for service of process.  (*Id.*) However, the Court granted Plaintiff a 30-day extension of time to show cause why

Defendant Jane Doe should not be dismissed from this action for failure to provide sufficient information to effectuate service. (*Id.*)

On May 8, 2026, Plaintiff filed a motion for discovery to identify Defendant Jane Doe, which appears to be a request to proceed with discovery. (ECF No. 36.) Plaintiff also filed a motion requesting discovery to effectuate identification of Jane Doe, apparently addressed to the Attorney General. (ECF No. 38.)

In light of Plaintiff's motions seeking discovery to identify Defendant Jane Doe, the order to show cause issued on March 31, 2026, (ECF Nos. 31, 34), is HEREBY VACATED.

IT IS SO ORDERED.

Dated:   **May 25, 2026**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE