# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY J. PORTER,<br>Plaintiff,<br>v.<br>L. YANG, *et al.*,<br>Defendants. | Case No. 1:25-cv-00311-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO OPT-OUT AND REQUEST TO VACATE SETTLEMENT CONFERENCE (ECF No. 45)<br><br>ORDER LIFTING STAY OF PROCEEDINGS<br><br>ORDER VACATING SEPTEMBER 1, 2026 SETTLEMENT CONFERENCE (ECF No. 41)<br><br>ORDER DIRECTING CLERK OF COURT TO ISSUE DISCOVERY AND SCHEDULING ORDER |

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Jane Doe Sergeant for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment against Defendant California Department of Corrections and Rehabilitation ("CDCR") for violation of the Americans with Disabilities Act. Defendant CDCR answered the complaint on May 8, 2026.

On May 25, 2026, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an opportunity to settle their dispute before the discovery process begins. (ECF No. 41.) The Court's order granted Defendant CDCR time to investigate and determine whether to opt out of the post-screening ADR project.

On July 9, 2026, Defendant CDCR filed a notice of opt-out and request to vacate the settlement conference. (ECF No. 45.) After investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with others, defense counsel determined that a settlement conference would be a waste of resources. Defendant CDCR therefore requests to opt out of the early settlement conference and also requests that the settlement conference be vacated. (*Id.*) Therefore, the stay is lifted, and the September 1, 2026, settlement conference is vacated. This case is now ready to proceed.

If the parties wish to set a settlement conference with the Court at a later date, they should so inform the Court. However, the parties are also reminded that they are not precluded from negotiating a settlement without judicial assistance.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant CDCR's motion to opt-out and request to vacate settlement conference, (ECF No. 45), is GRANTED;
2. The stay of this action, (ECF No. 41), is LIFTED;
3. The September 1, 2026 settlement conference is VACATED;
4. The Clerk of the Court is DIRECTED to issue a discovery and scheduling order; and
5. The parties may proceed with discovery pursuant to the discovery and scheduling order to be issued by separate order.

IT IS SO ORDERED.

Dated: **July 13, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE