# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY JAMES PORTER,

Plaintiff,

v.

L. YANG, *et al.*,

Defendants.

Case No. 1:25-cv-00311-JLT-BAM (PC)

ORDER CONSTRUING PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE TO OPT OUT OF SETTLEMENT CONFERENCE AS A MOTION FOR SETTLEMENT CONFERENCE

ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE

(ECF No. 49)

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Jane Doe Sergeant for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment and against Defendant California Department of Corrections and Rehabilitation ("CDCR") for violation of the Americans with Disabilities Act. Defendant CDCR has answered the complaint. (ECF No. 35.)

On May 25, 2026, the Court identified this case as appropriate for the post-screening ADR (Alternative Dispute Resolution) project and stayed the action to allow the parties an opportunity to settle their dispute before the discovery process begins. (ECF No. 41.) The Court's order granted Defendant CDCR forty-five days to investigate and determine whether to opt out of the

post-screening ADR project. (*Id.*)

On July 9, 2026, Defendant CDCR filed a notice to opt out of post-screening ADR and a request to vacate the settlement conference. (ECF No. 45.) The Court granted the motion on July 13, 2026, lifted the stay, and vacated the settlement conference set for September 1, 2026. (ECF No. 46.)

Currently before the Court is Plaintiff's opposition to Defendant CDCR's notice to opt out of the settlement conference, filed July 20, 2026. (ECF No. 49.) By his motion, Plaintiff requests that the Court maintain the September 1, 2026 settlement conference. Plaintiff indicates he has participated in good faith, filed his confidential settlement statement, and believes that a conference before the Magistrate Judge will facilitate a resolution without draining further judicial resources. Plaintiff contends Defendant CDCR's attempt to opt out is an effort to delay justice for constitutional violations involving deliberate indifference to medical needs. (*Id.*)

As the Court has granted Defendant CDCR's motion and vacated the settlement conference, the Court construes Plaintiff's opposition as a motion for the case to be set for a settlement conference. Defendant CDCR has not had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff is advised that without a clear indication from all parties to the action that they are willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to reset this case for a settlement conference at this time. As noted, Defendant CDCR has opted out of post-screening ADR. However, the parties are reminded that they are free to settle this matter without judicial involvement at any time by communicating among themselves. If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, or if they are able to reach an independent settlement agreement, then they may so inform the Court.

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's opposition to Defendant CDCR's notice to opt out of settlement conference, (ECF No. 49), is CONSTRUED as a motion for settlement conference; and

2. Plaintiff's motion for settlement conference, (ECF No. 49), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 24, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE