# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY JAMES PORTER,

Plaintiff,

v.

L. YANG, *et al.*,

Defendants.

Case No. 1:25-cv-00311-JLT-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT JANE DOE SERGEANT (SGT. SAUCEDA)

(ECF No. 48)

**FOURTEEN (14) DAY DEADLINE**

## I. Background

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Jane Doe Sergeant for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment and against Defendant California Department of Corrections and Rehabilitation ("CDCR") for violation of the Americans with Disabilities Act.

On March 4, 2026, the Court issued an order directing service on Defendant CDCR under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 24.) The order indicated that the Court did not find service appropriate for Defendant Jane Doe Sergeant. (*Id.*) By separate order, the Court informed Plaintiff that before it ordered the U.S. Marshal to serve Defendant Jane Doe Sergeant, Plaintiff would be required to identify

her with enough information to locate her for service of process. (ECF No. 23.)

On March 16, 2026, Plaintiff filed a motion requesting the Court serve Defendant Jane Doe Sergeant. (ECF No. 27.) In the motion, Plaintiff provided additional information to locate the defendant for service of process, including place of employment, assignment and watch, relevant dates, and position. (*Id.*)

On March 23, 2026, the Court granted Plaintiff's motion and issued an order directing service on Defendant Jane Doe Sergeant under the Court's E-Service pilot program for civil rights cases. (ECF No. 28.) The order included the following information regarding Defendant Jane Doe Sergeant: "(Unknown/Jane Doe) Sergeant, A.D.A.; Substance Abuse Treatment Facility; assigned to Restricted Housing Unit (R.H.U.), second watch; on or about August 17, 2024 until September 3, 2024." (*Id.* at 2.) On March 25, 2026, the Court received information that Defendant Jane Doe Sergeant could not be identified.

On March 31, 2026, the Court issued an order directing Plaintiff to show cause, within 30 days, why Defendant Jane Doe Sergeant should not be dismissed from the action. (ECF No. 31.) The Court informed Plaintiff that he could respond by providing additional information that would assist in locating Defendant Jane Doe Sergeant for service of process. (*Id.*)

On April 15, 2026, Plaintiff filed a response to the Court's show cause order. (ECF No. 33.) In his response, Plaintiff suggested that the issue creating the "log jam" in this case was that "Jane Doe" could be construed "to mean a real-person's-name-named Jane-Doe." (*Id.* at 2.) Plaintiff also requested that the Court review the video footage for September 3, 2024, that would depict which Sergeant was working. (*Id.* at 3.) Plaintiff included a CDCR 1118 Body-Worn Camera Video Evidence Request form. (*Id.* at Ex. 3.)

On April 21, 2026, the Court determined Plaintiff's response to the Court's show cause order did not include sufficient information to identify Defendant Jane Doe Sergeant for service of process. (ECF No. 34.) The Court declined Plaintiff's request that the Court review video footage for the purpose of identifying Defendant Jane Doe, noting it is Plaintiff's responsibility to identify Defendant Jane Doe with enough information to locate the defendant for service of process. (*Id.*) However, the Court granted Plaintiff a 30-day extension of time to show cause why

Defendant Jane Doe should not be dismissed from this action for failure to provide sufficient information to effectuate service. (*Id.*)

On May 8, 2026, Plaintiff filed a motion for discovery to identify Defendant Jane Doe, which appeared to be a request to proceed with discovery. (ECF No. 36.) Plaintiff also filed a motion requesting discovery to effectuate identification of Jane Doe, apparently addressed to the Attorney General. (ECF No. 38.)

On May 25, 2026, in light of Plaintiff's motions seeking discovery to identify Defendant Jane Doe, the Court vacated the March 31, 2026 order to show cause. (ECF No. 39.) On the same date, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an opportunity to settle their dispute before the discovery process begins. (ECF No. 41.) Defendant CDCR filed a notice of opt out and request to vacate the settlement conference. (ECF No. 45.) The Court granted the request, lifted the stay of discovery, and issued a Discovery and Scheduling Order on July 13, 2026. (ECF Nos. 46, 47.)

On June 2, 2026, while discovery remained stayed, Plaintiff filed a motion of disclosure of the identity of Jane Doe. (ECF No. 43.) Plaintiff indicated that Defendant Jane Doe's identity is Sgt. J. Sauceda. Plaintiff no longer sought an investigator or discovery. (*Id.*) The Court construed the motion as a motion to substitute the name of Sgt. J. Sauceda. (ECF No. 48.)

On July 14, 2026, the Court granted Plaintiff's motion to substitute Sgt. J. Sauceda in place of Defendant Jane Doe and denied his pending motions for discovery to identify Defendant Jane Doe as moot. (ECF No. 48.) The Court directed Plaintiff to file a first amended complaint substituting the name of Sgt. J. Sauceda for any reference to Defendant Jane Doe Sergeant within 30 days. (*Id.*) The Court informed Plaintiff that once the Court received the first amended complaint that substituted Sgt. J. Sauceda, then it would order service of the amended complaint. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in the dismissal of any unidentified defendant from this action, without prejudice, for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m). (*Id.*) Plaintiff has not filed a first amended complaint substituting the name of Sgt. J. Sauceda for any reference to

Defendant Jane Doe Sergeant and the time to do so has expired.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff has been granted an opportunity to provide sufficient information to identify Defendant Jane Doe Sergeant so that she may be served with summons and complaint in this action. Although Plaintiff identified Jane Doe Sergeant as Sgt. Sauceda and was granted leave to substitute Sgt. Sauceda in a first amended complaint, Plaintiff failed to file an amended complaint. Despite a warning that such failure would result in dismissal of any unidentified defendant from this action, Plaintiff has not complied with the Court's order. Plaintiff has not demonstrated good cause for the failure.

## III. Conclusion and Order

Accordingly, the Court HEREBY RECOMMENDS that Defendant Jane Doe Sergeant (Sgt. Sauceda) be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the

"right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 2, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE