**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LARRY JAMES PORTER,

Plaintiff,

v.

YANG, *et al.*,

Defendants.

Case No. 1:25-cv-00311 JLT BAM (PC)

ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AS MOTION FOR RECONSIDERATION, GRANTING MOTION FOR RECONSIDERATION, AND VACATING ORDER ADOPTING

(Doc. 53)

ORDER DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT WITHIN 30 DAYS

ORDER DENYING EMERGENCY MOTIONS FOR STAY OR EXTENSION OF TIME

(Docs. 53, 54)

Larry James Porter is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 14, 2026, the Court granted Plaintiff's motion to substitute Sgt. J. Sauceda in place of Jane Doe. (Doc. 48.) The Court ordered Plaintiff to file a first amended complaint substituting the name of Sgt. J. Sauceda for any reference to Defendant Jane Doe Sergeant within 30 days. (*Id.* at 3-4.) To assist Plaintiff, the Court directed the Clerk of the Court to provide

Plaintiff a courtesy copy of the complaint. (*Id.* at 4.)

After Plaintiff failed to file an amended complaint, the magistrate judge issued Findings and Recommendations that recommended dismissal of Jane Doe Sergeant from this action without prejudice. (Doc. 51.) On October 5, 2026, the Court adopted the Findings and Recommendations, dismissed Defendant Jane Doe Sergeant without prejudice, and directed that this action proceed only on Plaintiff's claim against CDCR for violation of the Americans with Disabilities Act. (Doc. 52.)

Plaintiff subsequently filed objections to the Findings and Recommendations, which included an emergency motion for stay and request for a 90-day extension of time. (Doc. 53.) Plaintiff also filed a separate emergency motion for a stay of proceedings or a 90-day extension of time. (Doc. 54.) The Court construes the objections as a request for reconsideration of the Court's order dismissing Defendant Jane Doe Sergeant.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff objects to the Findings and Recommendations and requests an emergency stay of proceedings and a 90-day extension of time. (Doc. 53.) Plaintiff explains that he suffers from terminal Stage 4 lung cancer and is under palliative care and hospitalization at Richard J. Donovan Correctional Facility. He was hospitalized from August 14 to August 24, 2026, and on September 4, 2026, his primary oncology physician imitated an emergency compassionate release referral. (Doc. 53 at 1; Doc. 54 at 1.) Plaintiff indicates that he has been unable to comply with court directives and his legal property and files are being held by CDCR following his hospital

stays, preventing him from reviewing cases records to properly submit the First Amended Complaint. (Doc. 53 at 2.) Plaintiff contends that due to his physical illness, ongoing medical treatments, and physical limitations, he is unable to research, draft or submit legal documents or meet active court deadlines. (*Id.*) Plaintiff additionally indicates that he has designated a relative as his Healthcare Power of Attorney and Advance Directive representative and authorizes her to communicate with the Court, submit status updates regarding his medical condition, and assist in transmitting documents on his behalf.[1] (*Id.*) He requests that the Court stay all proceedings or extend all pending deadlines by 90 days to prevent irreparable harm and avoid dismissal for failure to prosecute. (*Id.* at 2.)

Plaintiff's representations regarding his medical condition and hospitalization provide an appropriate basis for relief from the Court's order dismissing Defendant Jane Doe Sergeant. Plaintiff will be granted an additional 30 days to file a First Amended Complaint substituting Sgt. Sauceda in place of Jane Doe Sergeant. A stay of proceedings or a further extension of time is unnecessary. Plaintiff's request for third-party assistance also is unnecessary. The record in this action, including Plaintiff's recently filed motions demonstrate that he is able to adequately communicate with the Court without assistance.

Thus, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration (Doc. 53) is **GRANTED**.
2. The Court's October 5, 2026 order adopting the findings and recommendations (Doc. 52) is **VACATED**.
3. The Clerk of the Court is directed to send Plaintiff a second courtesy copy of the complaint (Doc. 1).
4. Within **30 days** from the date of service of this order, Plaintiff shall file a first amended complaint substituting the name of Sgt. J. Sauceda for any reference to Defendant Jane Doe Sergeant. Plaintiff should not change any other allegations in the complaint.

---

[1] The Court appreciates that Plaintiff needs help and is glad he has it. However, this person cannot take his place in this litigation and cannot communicate with the Court on his behalf.

5. Plaintiff's emergency motions for a stay of proceedings or a 90-day extension of time (Docs. 53, 54) are **DENIED**.
6. If Plaintiff fails to comply with this order, then the Court will adopt the September 2, 2026 findings and recommendations without further notice and dismiss Defendant Jane Doe Sergeant without prejudice.

IT IS SO ORDERED.

Dated: _October 8, 2026_

UNITED STATES DISTRICT JUDGE