# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES PORTER,<br>Plaintiff,<br>v.<br>YANG, *et al.*,<br>Defendants. | Case No. 1:25-cv-00311-JLT-BAM (PC)<br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE COURT'S DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 61)<br>**Dispositive Motion Deadline (Exhaustion): January 12, 2027** |

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds against Defendant J. Sauceda for deliberate indifference to medical need and conditions of confinement in violation of the Eighth Amendment and against Defendant California Department of Corrections and Rehabilitation ("CDCR") for violation of the Americans with Disabilities Act. Defendant CDCR answered the complaint on May 8, 2026. (ECF No. 35.)

The Court issued a discovery and scheduling order on July 13, 2026, setting the deadline to file motions for summary judgment for failure to exhaust administrative remedies for November 13, 2026. (ECF No. 47.)

Plaintiff filed a first amended complaint on October 13, 2026, substituting Defendant J. Sauceda for Defendant Sergeant Jane Doe. (ECF No. 57.) On October 16, 2026, the Court directed electronic service of the first amended complaint on Defendant Sauceda. Defendant

Sauceda has not yet filed an answer or other responsive pleading.

Currently before the Court is Defendants' motion to modify the discovery and scheduling order, filed November 6, 2026. (ECF No. 61.) Defendants assert good cause exists to extend the exhaustion motion deadline by sixty days. In support of the motion, defense counsel asserts that (1) Plaintiff has been served with written discovery on behalf of Defendant CDCR, but Plaintiff has not served any responses; (2) Defendant Sauceda has recently been added to this litigation and intends to serve written discovery; (3) Plaintiff's deposition has not been taken yet; (4) Defendants' discovery will cover Plaintiff's exhaustion of his administrative remedies and Plaintiff's health conditions may play a factor in receiving discovery responses and scheduling his deposition; (5) CDCR's Office of Appeals requires a minimum of thirty days to certify inmate grievance records; and (6) defense counsel will be out of the office from November 6 through November 13, 2026, and will be unable to complete discovery and depose Plaintiff with sufficient time to evaluate whether or not Defendants should move for summary judgment for Plaintiff's failure to exhaust. (*Id.*) Defendants indicate they will require a 60-day extension of the exhaustion motion deadline. (*Id.*)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested extension of the exhaustion summary judgment motion deadline. Fed. R. Civ. P. 16(b)(4). The Court also finds that Plaintiff will not be prejudiced by the extension granted here. No other deadlines are extended by this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the discovery and scheduling order, (ECF No. 61), is GRANTED;
2. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended from November 13, 2026 to **January 12, 2027**;
3. All other requirements set forth in the Court's July 13, 2026 discovery and scheduling order remain in place; and

4. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.**

IT IS SO ORDERED.

Dated: **November 11, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE